Tbe opinion of tbe Court was delivered by
Wakdlaw, J.
Tbe defendant’s plea, and tbe plaintiff’s objections now made to it, having been considered, it appears that tbe material thing in tbe plea and tbe issue joined thereon, is tbe public right in the way described. Judge Evans in bis Digest of tbe Eoad Law, page 7, thinks that our Acts of Assembly relating to roads seem to make a three-fold division *263 of them into highways, private paths, and private ways. But this attempt to systematize confused legislation cannot change the meaning of words that have acquired a settled technical signification. Highway is nomen generalissimum, which embraces every kind of public way, common to all citizens, whether a footway, a horseway or a cartway, or a way by water; whether under the charge of Commissioners or not, and whether originally laid out for the whole public, or laid out for particular persons and used by the public. (Jacobs’ Law Diet. Highway; 6 Mod. 255.) Indictments for obstruction, of our neighborhood roads (strangely called private paths) call them, highways. State vs. Sarter.
If the designation of the way alleged in this plea was too vague, the plaintiff should have demurred specially. (8 East, 5.) He cannot now object to the proof of one kind of highway, because in misconception he had expected an attempt to prove a different kind. There could not have been any misconception as to the allegation of a public right, nor as to the nature of this right, nor as to the subject in which it was claimed; the name by which this subject should be called is comparatively unimportant; indeed in the plea the reason is alternative and various.
The jury have found that the use of the way was adverse, and this under instructions which properly distinguished, according to our cases, between the use of a way through enclosed land, and like use through unenclosed forest. A small water passage, natural or artificial, which existed before, was in 1789, with much labor, widened and deepened by the neighbors for their own use in fishing and getting oysters. The probability is from the evidence, that it was used ever afterwards by all who desired to use it whenever they pleased, until it was lately obstructed by the plaintiff The certainty (if Mrs. Bripp’s testimony be correct) is -that it was used ever after 1812, for every purpose, by all who went from her neighborhood toward Beaufort District, and sometimes by *264 people coming from the Saltketcber swamp with shingles and the like. The tide flows through it, it cuts off fifteen miles of dangerous navigation, and has been cleared out by the defendant. These circumstances liken it rather to a road made by felling timber and digging earth, than to a path through a forest, trodden into distinctness. The jury may well have found something more than the mere use itself, to indicate its adverse character: and may have properly inferred that the proprietor of the soil could not have been ignorant of the public use so long continued, and that his submission ‘to it (more especially if his rice land was likely to suffer from salt water passing this way into Combahee river) was an acknowledgment that it was rightful.
We cannot know that the jury labored under the misapprehension which has been imputed to them. We rather conclude that they conformed to the instructions which were given to them, and under these instructions found the facts for the defendant.
The land having been bounded by deep water on only three of four sides, was not enclosed if there was no fence on the fourth side. But if by rail fence or bank, a sufficient barrier against the intrusion of animals was established on the only side where it was needed, the land was enclosed; unauthorized hunting or travelling over it would have been a trespass, (Hasel vs. Fripp, 1 Strob. 126) and the reason, upon which a presumption against the adverse character of the use of a road over unenclosed woodland is founded, did not apply to it.
The Court does not perceive cause sufficient to justify a disturbance of the verdict.
The' motion is dismissed.
Withers, WhitNer and Glover, JJ., concurred.